UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tammy W.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:22-cv-300

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Plaintiff filed for a Period of Disability and Disability Insurance Benefits on April 29, 2019, alleging a disability beginning date of April 10, 2017. ECF No. 6-8 at PAGEID ## 964–65. Her application was denied both initially and on reconsideration. ECF No. 6-7 at PAGEID ## 883–85; 895–97. She attended a hearing before an Administrative Law Judge ("ALJ") who then issued a decision denying benefits. ALJ Dec., ECF No. 6-3 at PAGEID ## 275–91. The Appeals Council refused to review the ALJ's decision, rendering it the final decision of the Commissioner of Social Security ("Commissioner"). ECF No. 6-2 at PAGEID ## 21–24. Plaintiff then sought review of the decision in this Court. Compl., ECF No. 4.

Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 15. Plaintiff timely objected to the recommendation. Obj., ECF No. 16.

## I. STANDARD OF REVIEW

The R&R was issued pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## II. ANALYSIS

Plaintiff argues the ALJ failed to properly evaluate Nurse Practitioner Adkins's ("Adkins") opinions pursuant to 20 C.F.R. § 404.1520c(b)(2) because the ALJ failed to properly address the consistency factor contained within the regulation. Obj., ECF No. 16.

New regulations apply to claims filed on or after March 27, 2017, such as Plaintiff's. Pursuant to those regulations, an ALJ does "not defer or give any specific evidentiary weight . . . to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Rather, "[w]hen a medical source provides one or more medical opinions . . . , [the ALJ] will consider those medical opinions . . . from that medical source together using" factors outlined in the Code of Federal Regulations. *Id.* The factors an ALJ must consider when evaluating the persuasiveness of a medical opinion are: supportability, consistency, relationship with the claimant, specialization, and any other factors that support or contradict the medical

opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5). The most important factors, however, are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), (b)(2).

An ALJ must articulate in their decision how persuasive they found the medical opinion. 20 C.F.R. § 404.1520c(b). Moreover, because supportability and consistency are the most important factors, an ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinion[]." 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how they considered the other factors. *Id.*

With regard to consistency, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] . . . will be." 20 C.F.R. § 404.1520c(c)(2).

Plaintiff offers three ways in which the ALJ failed to properly evaluate the consistency factor.

Plaintiff first argues it was not proper for the ALJ to break up her discussion of the consistency factor into various parts of the decision. *Id.* at 2–3. Rather, according to Plaintiff, the ALJ was required to evaluate Adkins's opinions in "a single analysis" within the decision. *Id.* Thus, even if the ALJ's various explanations as to the consistency factor would have been sufficient when pieced together, the ALJ violated the regulations by sprinkling the explanations in different parts of the decision. *Id.*

This argument was not raised in Plaintiff's Statement of Specific Errors and is therefore forfeited. *Cf. Kelli R. H. v. Comm'r of Social Sec.*, No. 2:21-cv-1097, 2022 WL 3355251, at *2 (S.D. Ohio Aug. 15, 2022) ("[T]his objection was not raised in the Statement of Specific Errors and is, therefore, forfeited." (collecting cases)).

In any event, the objection fails on the merits. The regulation's reference to a single analysis states that the ALJ will not separately discuss each opinion that each medical source may have offered. Rather, "[w]hen a medical source provides one or more medical opinions," the ALJ will consider every opinion issued by that single medical source "together" in one analysis. 20 C.F.R. § 404.1520c(a). The regulations do *not* state that the ALJ must confine her entire analysis of a medical source's opinion to one confined section within her decision. *Cf. Crum v. Comm'r of Social Sec.*, 660 F App'x 449, 457 (6th Cir. 2016 ) (stating an ALJ need not "reproduce the list of . . . treatment records a second time when" explaining why a medical source opinion is inconsistent with the record; it "suffices that [the ALJ] listed them elsewhere in her opinion." (citation omitted)).

Plaintiff next contends that the ALJ's mere *discussion* of record evidence consistent with Adkins's opinions does not necessarily mean the ALJ properly *considered the consistency factor*. *Id.* at 3. She contends the ALJ may have mentioned consistent evidence throughout the decision, but the ALJ completely

ignored that evidence in the actual consistency analysis, which "made it appear as though there was no consistency in the record." *Id.*

This objection is overruled.  First, to the extent this objection is a veiled request that the Court reweigh the evidence and reach the opposite conclusion on the consistency factor, that is not the Court's prerogative.

Second, to the extent the objection truly argues that the ALJ ignored the existence of consistent record evidence when evaluating Adkins's opinions, it is incorrect.  The ALJ did not ignore Plaintiff's evidence of consistency; indeed, the ALJ explicitly conceded, *inter alia*, that Plaintiff's complaints of pain were consistently documented in the record and that Plaintiff sometimes presented with a limited range of motion.  ALJ Dec., ECF No. 6-3, at PAGEID # 287.  But despite noting that Adkins's opinions were consistent with Plaintiff's numerous complaints of pain, the ALJ noted record evidence inconsistent with those complaints.  Namely, the ALJ explained how Plaintiff's complaints of pain were contradicted by record evidence such as Plaintiff's consistently noted ability to walk normally or the fact that she often failed to present in distress despite her complaints of debilitating pain.  ALJ Dec., ECF No. 6-3 at PAGEID # 287.  The ALJ also noted that the majority of Plaintiff's examination notes showed a normal range of motion.  *Id.*  Moreover, the ALJ spent almost a page detailing how Plaintiff's statements about the limiting effects of her condition—which helped form the basis of Adkins's opinions—were inconsistent with record evidence.  *Id.* at PAGEID # 289.  The ALJ also cited other evidence that was inconsistent with

Adkins's opined limitations. *E.g.*, ALJ Dec., ECF No. 6-3 at PAGEID # 285 (citing Dr. Torrello's and Dr. Hinzman's opinions that Plaintiff can perform light work).

Thus, Plaintiff's objection that the ALJ ignored consistent evidence is inaccurate. The ALJ acknowledged consistent record evidence but noted other, inconsistent evidence and ultimately determined Adkins's opinions were inconsistent with the record as a whole.

Finally (and somewhat relatedly), Plaintiff argues that the evidence the ALJ found to be inconsistent with Adkins's opinions was not actually inconsistent and therefore could not support the ALJ's consistency analysis. *Id.* Namely, Plaintiff says the ALJ pointed to normal examination findings, but normal findings cannot contradict opinions regarding fibromyalgia, which, by its nature, cannot be verified with objective medical data. *Id.*

This objection is overruled. The ALJ did not cite to normal examination findings to refute a contention that Plaintiff *suffers from fibromyalgia*. Nor did the ALJ conclude that normal examination findings meant Plaintiff suffered no pain. Rather, the ALJ noted that Adkins's opinions as to the limiting effects of the fibromyalgia were inconsistent with other record evidence. The ALJ noted that Adkins's opinions regarding limitations were based on a review of rheumatology notes and Plaintiff's subjective complaints. And the ALJ's decision explained how Plaintiff's subjective complaints were themselves inconsistent with record evidence and Plaintiff's own activities of daily living. For instance, Plaintiff reported pain with range of motion that increased with walking, ECF No. 6-12 at

PAGEID # 2104, yet the ALJ cited numerous instances where Plaintiff displayed a normal gait and was able to walk without difficulty. ALJ Dec., ECF No. 6-3 at PAGEID ## 282–89. Moreover, the ALJ noted that although Plaintiff consistently reported pain to her treatment providers, the examination notes consistently stated that Plaintiff was not in distress during examinations. *Id.*

It was not improper for the ALJ to find that Adkins's opinions as to the limiting effects of Plaintiff's fibromyalgia were inconsistent with evidence such as Plaintiff's ability to walk with a normal gait or the fact that she appeared "comfortable and not in distress" during examinations. *E.g.*, ALJ Dec., ECF No. 6-3 at PAGEID # 286 (citing ECF No. 6-11 at PAGEID # 1940).

For all these reasons, as well as the reasons explained in Magistrate Judge Jolson's thorough R&R, Plaintiff's objections and her Statement of Specific Errors are **OVERRULED**. The Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

                               */s/ Michael H. Watson*
                               **MICHAEL H. WATSON, JUDGE**
                               **UNITED STATES DISTRICT COURT**